O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

CIVIL MINUTES - GENERAL

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING in Part and DENYING in part Defendants' Motion to Dismiss Plaintiff's Complaint

Before the Court is Defendant United Healthcare Insurance Company's, Defendant AARP, Inc.'s, and Defendant AARP Services Inc.'s motion to dismiss Plaintiff's complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS in part and DENIES in part the motion.

I.     Background

Defendant United Healthcare Insurance Company ("United") is alleged to be in the business of issuing or underwriting insurance policies, including policies intended to supplement an insured's Medicare benefits. *See Cmplt* ¶¶ 6, 11. These policies are referred to as Medicare "gap" policies. *See id.* Defendants AARP, Inc., erroneously sued as AARP, and AARP Services Inc. (collectively, "AARP") allegedly "endorse, promote, and/or sell" these insurance products, in exchange for which they receive a "commission or royalty" from United. *See id.*

On December 1, 2009, Plaintiff Cedars-Sinai Medical Center ("Plaintiff"), which is a hospital facility, *see id.* at ¶ 2, filed this suit against Defendants United and AARP (collectively, "Defendants"), asserting claims for 1) breach of contract, 2) breach of implied covenant, 3) quantum meruit, 4) unjust enrichment, 5) violations of Cal. Bus. & Prof. Code § 17200, and 6) declaratory relief. Plaintiff's claims are based on allegations that, at some unspecified time, it provided health care services to a patient who was covered by a Medicare gap policy issued by United. *See Cmplt* ¶¶ 10-11. This policy was allegedly "endorsed, promoted and/or sold" by

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

AARP.  *See id.*  Plaintiff alleges that when it billed Defendants for services purportedly covered by the policy, Defendants refused to pay in accordance with the terms of the policy.  *See id.* at ¶¶ 16-17.

On January 11, 2010, Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion").

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis.  *See id.* at 1950.  First, the Court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief.  *See Iqbal,* 129 S. Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.*

III.    Discussion

Defendants move to dismiss all claims against AARP and to dismiss Plaintiff's fifth cause of action for violation of Cal. Bus. & Prof. Code § 17200 against all Defendants.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

  A. <u>Plaintiff's Contract Claims Against AARP</u>

  Plaintiff asserts both a breach of contract claim and a claim for breach of the implied covenant of good faith and fair dealing against AARP. The contract AARP is alleged to have breached is the Medicare gap policy covering the patient treated by Plaintiff. *See Cmplt* ¶¶ 26-28. AARP argues, however, that Plaintiff has not plausibly alleged that AARP is a party to that policy because Plaintiff has alleged that AARP was merely the promoter or agent for the policy, not the insurer of the policy. Thus, AARP contends, Plaintiff has failed to state viable contract claims against AARP. The Court agrees.

  Under California law, only a party to an insurance contract may be held liable for breach of contract or breach of implied covenant of good faith and fair dealing. *See Minnesota Mut. Life Ins. Co. v. Ensley,* 174 F.3d 977, 981 (9th Cir. 1999). Notably, the agent of an insurer is not, thereby, made a party to an insurance contract. *See id.*; *Meisel v. Allstate Indem. Co.,* 357 F. Supp. 2d 1222, 1226 (E.D. Cal. 2005) ("Under California law an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract.") (internal quotations omitted). Generally, a non-insurer (other than the insured) is not a party to an insurance contract. *See Gruenberg v. Aetna Ins. Co.,* 9 Cal. 3d 566, 576, 108 Cal. Rptr. 480 (1973).

  Here, AARP is not alleged to be the insurer of the policy at issue. Rather, United is alleged to be the insurer, and AARP is alleged to have "endorsed, promoted and/or sold" the policy. *See Cmplt* ¶ 11. These allegations are inconsistent with Plaintiff's "formulaic recitation," *see Iqbal,* 129 S. Ct. at 1950, that "[t]he Gap Policy is a written contract which exists between the Patient and defendants," *Cmplt* ¶ 26. *See Gruenberg,* 9 Cal. 3d at 576. That AARP is generally alleged to be the "agent" of United (and vice versa), *see Cmplt* ¶ 9, makes no material difference. *See Minnesota Mut. Life,* 174 F.3d at 981. For these reasons, the Court finds that Plaintiff's first cause of action for breach of contract and second cause of action for breach of the implied covenant of good faith and fair dealing do not allege "a plausible claim to relief" against Defendant AARP. *See Iqbal,* 129 S. Ct. at 1950. The Court therefore dismisses those claims with leave to amend.

  B. <u>Plaintiff's Quantum Meruit and Unjust Enrichment Claims Against AARP</u>

  AARP contends that Plaintiff has not alleged plausible claims to relief against it under the principles of quantum meruit or unjust enrichment because Plaintiff has failed to allege facts

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

from which it may reasonably be inferred that AARP received a benefit at Plaintiff's expense. Again, the Court agrees.

"Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entertainment Group, Inc.,* 963 F.2d 1269, 1272 (9th Cir. 1992). Similarly, "[u]njust enrichment requires that one party receive a benefit unjustly at the expense of another." *Johnson v. Mitsubishi Digital Elecs. America, Inc.,* 578 F. Supp. 2d 1229, 1241 (C.D. Cal. 2008) ("[Unjust enrichment] not only requires that a benefit be conferred, but that it is unjust for the defendant to retain that benefit.").

Here, the benefit Plaintiff allegedly conferred on Defendants was the value of the health care services Plaintiff provided to the patient in question. *See Cmplt* ¶¶ 37, 42. There is no allegation from which it may reasonably be inferred, however, that AARP was under any obligation to pay for those services–and therefore may be inferred to have received the benefit of those services–since, as discussed above, AARP is not plausibly alleged to have been a party to the insurance agreement that purportedly covered the services. In fact, the only benefit AARP allegedly received here is a "commission or royalty" from United in exchange for promoting or endorsing its policies. *See Cmplt* ¶¶ 6-7. The Court discerns nothing in the complaint giving rise to a reasonable inference that this alleged commission was connected in any way with the payment or nonpayment for services rendered by Plaintiff.

Nor does the Court agree with Plaintiff that *Earhart v. William Low Company,* 25 Cal. 3d 503, 158 Cal. Rptr. 887 (1979), supports Plaintiff's quantum meruit claim against AARP. *See Opp.* 8:6-21. The issue before the court in that case was "whether a party who expends funds and performs services at the request of another, under the reasonable belief that the requesting party will compensate him for such services, may recover in quantum meruit although the expenditures and services do not directly benefit property owned by the requesting party." *See Earhart,* 25 Cal. 3d at 505. The court there held that a defendant need not have received a direct benefit in order for a plaintiff to recover from the defendant in quantum meruit if the performance for which recovery is sought was induced by that defendant. *See id.* at 515 ("[W]e conclude that compensation for a party's performance should be paid by the person whose request induced the performance"). While the complaint here offers a "formulaic recitation" that Plaintiff provided its health care services "[a]t the special instance and request of defendants," *Cmplt* ¶ 38, there is nothing in the complaint giving rise to a reasonable inference that AARP

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

had any relevant interaction with Plaintiff or that Plaintiff was ever under the reasonable belief that AARP would compensate Plaintiff for its services. *See Earhart,* 25 Cal. 3d at 505, 514-515.

For these reasons, the Court dismisses Plaintiff's third and fourth causes of action against AARP with leave to amend.

  C. <u>Plaintiff's § 17200 Claim Against AARP</u>

California Bus. & Prof. Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." *See* Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotations omitted). "Virtually any law—federal, state or local—can serve as a predicate for a section 17200 claim." *Aicco, Inc. v. Ins. Co. of N. Am.,* 90 Cal. App. 4th 579, 587, 109 Cal. Rptr. 2d 359 (2001).

Here, Plaintiff asserts its § 17200 claim against Defendants, including AARP, based on allegations that Defendants violated certain provisions of the California Insurance Code that regulate Medicare supplement policies, such as the gap policy at issue in this case. *See Cmplt* ¶¶ 45-54 (citing Cal. Ins. Code §§ 10192.1 *et seq.*). Plaintiff alleges, for instance, that Defendants violated Cal. Ins. Code § 10192.6(a), which provides that a Medicare supplement policy "shall not be advertised, solicited, or issued for delivery as a Medicare supplement policy if the policy or certificate contains limitations or exclusions on coverage that are more restrictive than those of Medicare." *See Cmplt* ¶¶ 48.b., 51.c. Based on Defendants' alleged violation of § 17200, Plaintiff seeks recovery of "the money and property which defendants have retained via their unlawful, unfair or fraudulent business acts or practices." *See Cmplt* ¶ 53. Plaintiff also appears to seek administrative penalties prescribed for violations of the Insurance Code provisions at issue, as set forth in Insurance Code § 10192.165,[1] as well as the attorneys' fees that §

---

[1] Those penalties are described in § 10192.165 subsection (b):

(1) Any broker, agent, or other person or entity engaged in the business of insurance, other than an issuer, who violates this article is liable for administrative penalties of no less than two hundred fifty dollars ($250) for the first violation.

(2) Any broker, agent, other person, or other entity engaged in the business of insurance, other than an issuer, who engages in practices prohibited by this chapter

O

#13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

10192.165 states shall be awarded "to a prevailing plaintiff who establishes a violation" of the Insurance Code provisions at issue. *See Cmplt* ¶¶ 49, 50.

AARP contends, however, that Plaintiff has failed to state a § 17200 claim against it because AARP is not alleged to be an "issuer" of insurance policies and therefore "is not subject to the section 10192.165 penalty provisions." *See Motion* 9:16-20. The Court notes, however, that Plaintiff's § 17200 claim is not predicated on section 10192.165's penalty provisions, but on Defendants' alleged violations of other provisions of the Insurance Code, including § 10192.6(a) (concerning, among other things, the advertisement of policies containing coverage exclusions more restrictive than Medicare's), as noted above. Thus, the viability of Plaintiff's § 17200 claim against AARP does not turn on whether AARP falls within section 10192.165's penalty provisions. The Court therefore denies Defendants' motion to dismiss Plaintiff's § 17200 claim against AARP.

     D.     <u>Plaintiff's Declaratory Relief Claim Against AARP</u>

Plaintiff's claim for declaratory relief is predicated on the allegation that an actual controversy has arisen between Plaintiff and Defendants "regarding their respective rights and duties under the Gap Policy." *See Cmplt* ¶ 56. As discussed above, however, AARP is not plausibly alleged to be a party to that policy and, thus, is not plausibly alleged to be party to a controversy regarding its "rights and duties" under the policy. The Court therefore dismisses Plaintiff's sixth cause of action for declaratory relief.

---

     a second or subsequent time or who commits a knowing violation of this article, is liable for administrative penalties of no less than one thousand dollars ($1,000) and no more than twenty-five thousand dollars ($25,000) for each violation.

     (3) Any issuer who violates this article is liable for administrative penalties of no less than two thousand five hundred dollars ($2,500) for the first violation.

     (4) Any issuer who violates this article with a frequency as to indicate a general business practice or commits a knowing violation of this article, is liable for administrative penalties of no less than ten thousand dollars ($10,000) and no more than one hundred thousand dollars ($100,000) for each violation.

     Cal. Ins. Code § 10192.165(b).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

E. Plaintiff's § 17200 Claim Against All Defendants

Finally, Defendants contend that Plaintiff's § 17200 claim must be dismissed against all Defendants because the Insurance Code does not provide a private right of action for violation of the statutes in question. As a sort of corollary to this contention, Defendants maintain that Plaintiff may not seek the administrative penalties and attorneys' fees described in Insurance Code § 10192.165. The Court thus discerns that Defendants' argument raises three questions. First, may Defendants' alleged Insurance Code violations serve as a predicate for Plaintiff's § 17200 claim? Second, may Plaintiff seek the administrative penalties described in Insurance Code § 10192.165? And, third, may Plaintiff seek the attorneys' fees award provided for in § 10192.165?

1. Whether the Alleged Insurance Code Violations Will Support Plaintiff's § 17200 Claim

As noted, "[v]irtually any law—federal, state or local—can serve as a predicate for a section 17200 claim." *Aicco,* 90 Cal. App. 4th at 587. Violations of various provisions of California's Insurance Code, in particular, have been held to support a § 17200 claim. *See Chabner,* 225 F.3d at 1048 (holding that violation of Ins. Code § 10144 supported § 17200 claim); *Pastoria v. Nationwide Ins.,* 112 Cal. App. 4th 1490, 1496-97, 6 Cal. Rptr. 3d 148 (2003) (holding that violation of Ins. Code §§ 330 *et seq.* supported § 17200 claim). In fact, it is well established that "section 17200 can form the basis for a private cause of action even if the predicate statute does not." *See Chabner,* 225 F.3d at 1048 (citations omitted). On the other hand, "[a] court may not allow a plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Id.* The tension between these principles is resolved in the following rule: "[t]o forestall an action under section 17200, another provision must actually 'bar' the action or clearly permit the conduct." *See id.* (internal quotations omitted).

The parties here occasionally digress from the relevant inquiry to consider whether the Insurance Code provisions at issue, and § 10192.165 in particular, "create a private right of action." *See, e.g., Reply* 4:12-16. As noted above, the relevant inquiry is whether any of those provisions specifically *bars* a private right of action. *See Chabner,* 225 F.3d at 1048. Defendants maintain that § 10192.165 does in fact bar a private right of action for violations of the Insurance Code provisions at issue. According to Defendants, § 10192.165(c)(1) "explicitly

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

limits those who may bring an action pursuant to the Medigap Provisions to the Attorney General, district attorney, and city attorney." *See Reply* 5:19-21. The Court disagrees.

In full, section 10192.165(c)(1) provides:

> Actions for injunctive relief, penalties in the amounts specified in subdivision (a), damages, restitution, and all other remedies provided for in law, may be brought in superior court by the Attorney General, district attorney, or city attorney on behalf of the people of the State of California.

Cal. Ins. Code § 10192.165(c)(2). Notably, this provision does *not* state that such actions may be brought only by the officials identified. *See Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,* 17 Cal. 4th 553, 568 n. 7, 573 Cal. Rptr. 2d 731 (1998).[2] Other subsections of § 10192.165, moreover, refer to persons who may bring actions based on the code provisions at issue in broad terms. *See* Cal. Ins. Code § 10192.165(c)(2) (providing for an award of attorneys' fees to "a prevailing plaintiff" who establishes a violation of the provisions). Finally, and most importantly, subsection (f)(1) of § 10192.165 states: "The requirements and remedies provided by this article are in addition to any other remedies provided by law." Cal. Ins. Code § 10192.165(f)(1). For these reasons, the Court rejects Defendants' contention that § 10192.165 bars a private right of action under § 17200 for violation of the Insurance Code provisions at issue, as well as Defendants' more general contention that violations of those provisions will not support a claim under Cal. Bus. & Prof. Code § 17200.

    2.  <u>Whether Plaintiff May Seek the Administrative Penalties in § 10192.165</u>

Defendants contend that even if Plaintiff is permitted to pursue a § 17200 claim based on allegations that they violated the Insurance Code provisions at issue, Plaintiff is not entitled to

---

[2] In route to determining that Cal. Penal Code § 308 did not bar private standing to maintain a UCL action based on an alleged violation of that statute, the California Supreme Court observed:
> Section 308 provides that whosoever sells, gives or furnishes tobacco to a minor "is subject to either a criminal action for a misdemeanor or to a civil action brought by a city attorney, a county counsel, or a district attorney" . . . but, conspicuously, does *not* state that such persons are subject only to such actions or that such persons are not subject to actions under other applicable statutes.

*Stop Youth Addiction,* 17 Cal. 4th at 568 n. 7.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

seek the administrative penalties provided for in § 10192.165 because § 17200 does not give Plaintiff the right to seek that remedy. *See Reply* 6:13-16. The Court agrees.

A private plaintiff's remedies under § 17200 are "generally limited to injunctive relief and restitution." *See Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1144, 131 Cal. Rptr. 2d 29 (2003). Thus, courts have consistently held that civil penalties, including those provided for under a "borrowed" statute, are not available to private plaintiffs under § 17200. *See Kasky v. Nike, Inc.,* 27 Cal. 4th 939, 950, 119 Cal. Rptr. 2d 296 (2002) ("In a suit under the UCL, a public prosecutor may collect civil penalties, but a private plaintiff's remedies are generally limited to injunctive relief and restitution.") (internal quotations omitted); *McGrew v. Countrywide Home Loans, Inc.,* 2009 U.S. Dist. LEXIS 57364, *12-15 (S.D. Cal. May 27, 2009) (striking references in plaintiff's § 17200 claim to penalties provided for in "borrowed" statutes); *Pac. Gas & Elec. Co. v. Jesse M. Lange Distrib.,* 2005 U.S. Dist. LEXIS 35128, *19 (E.D. Cal. Dec. 21, 2005) ("[A] UCL claim is distinct from the 'borrowed' claim on which it is based. . . . [Plaintiff] cannot borrow the remedies available under Proposition 65 [including civil penalties] and apply them to the UCL claim. . . . Instead, [Plaintiff] can only seek the remedies available under the UCL, namely injunctive relief and restitution.") (citations omitted).

Thus, even though the "borrowed" statute here provides that "[u]pon a showing of a violation of this article in any civil action, a court may . . . assess the penalties prescribed in this chapter," *see* Cal. Ins. Code § 10192.165(a)(2), the Court determines that Plaintiff may not seek those penalties on its § 17200 claim. All references to statutory penalties in Plaintiff's § 17200 claim and in Plaintiff's prayer for relief are therefore stricken. *See* Fed. R. Civ. P. 12(f) (authorizing the court to "act on its own" to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter"); *Corr. USA v. Dawe,* 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007) ("The court . . . may make appropriate orders to strike under [Fed. R. Civ. P. 12(f)] at any time on its own initiative.").

### 3. Whether Plaintiff May Seek the Attorneys' Fees Award in § 10192.165

Defendants also contend that Plaintiff cannot recover under section 10192.165's attorneys' fees provision. However, case law indicates that "[a]ttorney fees are recoverable where a borrowed statute, upon which a UCL claim is based, permits such recovery." *See* Stern, BUS. & PROF. C. § 17200 PRACTICE, § 8:117 (The Rutter Group 2010) (citing *California Service Station etc. Assn. v. Union Oil Co.*, 232 Cal. App. 3d 44, 58, 283 Cal. Rptr. 279 (1991)); *see also Californians for Population Stabilization v. Hewlett-Packard Co.,* 58 Cal. App. 4th 273, 296, 67 Cal. Rptr. 2d 621 (1997) (noting that in *California Service Station etc. Assn.* the

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#13**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-005 PSG (AJWx) | Date | May 7, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Insurance Company *et al.* | | |

California Court of Appeal "impliedly held" that an award of attorney's fees was proper if [the borrowed statute] applied to the plaintiff). Here, the attorneys' fees provision of § 10192.165 states: "The court shall award reasonable attorney's fees and costs to a prevailing plaintiff who establishes a violation of this article." *See* Cal. Ins. Code § 10192.165((c)(2). Accordingly, the Court rejects Defendants' contention that Plaintiff is precluded from seeking attorneys' fees as provided for in Cal. Ins. Code § 10192.165.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion.

The Court GRANTS Defendants' motion to dismiss Plaintiff's first cause of action for breach of contract, second cause of action for breach of implied covenant, third cause of action for quantum meruit, fourth cause of action for unjust enrichment, and sixth cause of action for declaratory relief against Defendant AARP with leave to amend. The deadline for amendment of those claims is **May 24, 2010**.

The Court DENIES Defendants' motion to dismiss Plaintiff's fifth cause of action for violation of Cal. Bus. & Prof. Code § 17200 as to AARP and all Defendants, but strikes from the complaint all references to statutory penalties.

**IT IS SO ORDERED.**