**Link to Doc. # 37**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0005 PSG (AJWx) | Date | November 12, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Ins., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys resent for Defendant(s):

Not Present  Not Present

**Proceedings:**   **(In Chambers) Order DENYING Plaintiff's motion for attorneys' fees**

Before the Court is Plaintiff's motion for attorneys' fees. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES the motion.

I.   Background

On December 1, 2009, Plaintiff Cedars-Sinai Medical Center ("Plaintiff") filed a breach of contract action against Defendants United Healthcare Ins. Co., AARP, and AARP Services, Inc. (collectively, "Defendants"), alleging that Defendants failed to reimburse Plaintiff the full amount to which it was entitled under a United Medicare Supplement C policy (the "Gap Policy") based on services Plaintiff provided for a patient covered by the Gap Policy. *Compl.* ¶¶ 10-24. Specifically, Plaintiff asserted the following causes of action: (1) Breach of Contract, (2) Breach of Implied Covenant, (3) Quantum Meruit, (4) Unjust Enrichment, (5) Violation of Business & Professions Code §§ 17200 et seq., and (6) Declaratory Relief.

On August 23, 2010, Plaintiff accepted Defendants' Statutory Offer of Judgment under Federal Rule of Civil Procedure 68. *See* Dkt. #36. Under the terms of the Offer, the matter was settled for $101,641.15, with costs. On September 3, 2010, Plaintiff moved for an award of attorneys' fees. In bringing this motion, Plaintiff argues that it is entitled to $74,255.50 in fees under the applicable California Medicare Supplement Insurance provisions. *See* Cal. Ins. Code. § 10192.165(c)(2).

Link to Doc. # 37

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0005 PSG (AJWx) | Date | November 12, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Ins., *et al.* | | |

II.   Legal Standard

    Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *See, e.g., United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir. 1979). In order to award attorneys' fees to a party in litigation, a court must be satisfied that both (1) the party is entitled to the fees and (2) that the fee award is reasonable. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citing *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993)). If it is state law that allows for a fee award, federal courts must look to that law to determine the propriety of such an award. *Michael-Regan Co., Inc. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975).

    While offers of judgment pursuant to Federal Rule of Civil Procedure 68 provide recovery for "costs then accrued," the text of Rule 68 is silent as to the issue of fees. Fed. R. Civ. Pro. 68. As the Ninth Circuit has recognized, a plaintiff is not precluded from seeking attorneys' fees in a matter resolved by a Rule 68 offer merely because the offer does not mention fees. *See Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1998). Yet neither does acceptance of a Rule 68 offer automatically entitle a plaintiff to collect attorneys' fees. Id. Rather, where a party seeks fees in a matter resolved by Rule 68, the court must determine which party has prevailed and award attorneys' fees accordingly. *See Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1059 (9th Cir. 2001). In making this determination, it may consider: (1) the result obtained in relation to the relief sought; (2) whether there were multiple claims or issues; and (3) the extent to which either party prevailed on each issue or claim. Id. at 1060 (internal citations omitted).

III.   Discussion

    Plaintiff claims it is entitled to fees pursuant to California Insurance Code § 10192.165(c)(2), which, in relevant part, provides: "[t]he court shall award reasonable attorney's fees and costs to a prevailing plaintiff who establishes a violation of this article." Cal. Ins. Code § 10192.165(c)(2). Accordingly, before assessing whether the amount of fees sought pursuant to Section 10192.165(c)(2) is reasonable, the Court must first resolve two threshold issues: (1) whether Plaintiff is the prevailing party; and (2) whether Plaintiff has established a violation of

**Link to Doc. # 37**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0005 PSG (AJWx) | Date | November 12, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Ins., *et al.* | | |

the applicable Medigap provisions.

  A. <u>Whether Plaintiff is the "Prevailing Party"</u>

  First, the Court must determine whether Plaintiff can be considered a "prevailing party" for purposes of recovering attorneys' fees under § 10192.165(c)(2). In *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001), the Supreme Court held that to qualify as a prevailing party, a litigant must achieve a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. Offers pursuant to Rule 68 have been considered "akin to consent decrees," and thus create such a change with "the 'necessary imprimatur' of the court." *Util. Automation 2000, Inc., v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (*citing Buckhannon*, 531 U.S. at 605).

  However, as the Ninth Circuit has recognized, "[t]he fact that a plaintiff has received a judgment pursuant to a Rule 68 offer does not mean that the plaintiff has prevailed in the sense that he is entitled to attorneys' fees." *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1059 (9th Cir. 2001). In *Sea Coast Foods*, for example, the Ninth Circuit affirmed a district court's refusal to award attorney's fees to the plaintiffs where the plaintiffs had initially sought $3,000,000 in damages but accepted Defendant's Rule 68 Offer in the amount of $375,000. The court reasoned that while the settlement was by "not miniscule by any means," it was not close enough to the amount of plaintiff's demand such that plaintiff could be considered a prevailing party. *Id.* at 1059-60.

  Here, Defendants argue that, as in *Sea Coast Foods*, the amount Plaintiff obtained from the Offer of Judgment ($101,641.15) is not close to the amount of Plaintiff's initial demand (which they characterize as $1.8 million based upon Plaintiff's "alternative allegations"). *Opp*. 10:1- 4. Thus, Defendants contend that Plaintiff cannot be considered the "prevailing party," and should therefore be denied attorneys' fees. Plaintiff, in contrast, asserts that it initially sought $135,302.04 in "practical relief" for its breach of contract claims, and claims any sum beyond that was sought only in the alternative. *Reply* 4:6-5:11.

  Because the gravamen of Plaintiff's complaint was for breach of contract, the Court agrees with Plaintiff that the sum of $135,302.04 is the appropriate benchmark in considering whether Plaintiff is a prevailing party for purposes of attorneys' fees. *Compl.* ¶¶ 30, 34. In accepting Defendant's Rule 68 Offer for $101,641.15, Plaintiff obtained nearly 75% of the initial

**Link to Doc. # 37**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0005 PSG (AJWx) | Date | November 12, 2010 |
|---|---|---|---|
| Title | Cedars-Sinai Medical Center v. United Healthcare Ins., *et al.* | | |

amount it sought to recover.  Thus, as this case is therefore factually distinguishable from *Sea Coast Foods*, the Court concludes that Plaintiff qualifies as a "prevailing party."

      B.      Whether Plaintiff has Established a Violation of the Medigap Provisions

In ascertaining whether Plaintiff is entitled to attorneys' fees under California Insurance Code § 10192.165(c)(2), the Court must next consider whether Plaintiff has "establish[ed] a violation of [the Medicare Supplement policies]."  *See* Cal. Ins. Code. § 10192.165(c)(2).  Defendants argue that the word "establishes" means that Plaintiff is required to prove that Defendants actually violated the statute.  *Opp*. 12:3-13:16.  According to Defendants, Plaintiff has made no such showing.  *Id.*

Although Section 10192.165(c)(2) - unlike the attorneys' fees statutes in cases Defendant relies on - imposes no additional mens rea requirement, *see, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (denying award of attorneys fees under Ala. Code 1975 § 8-27-4 based on the plaintiff's failure to make a requisite showing of "willful and malicious misappropriation"), it nonetheless predicates an award of attorneys' fees on the prevailing party's ability to establish a violation.  Here, at best, Plaintiff has merely alleged a violation.  Nothing in the Rule 68 Offer (or in any prior proceeding in the course of this litigation) can be construed as establishing that Defendants violated the Medigap Provisions; nor is the Court willing to impute a violation from the mere fact of Defendants' Rule 68 Offer.  Therefore, because Plaintiff failed to establish a violation of the Medigap Provisions, as is required to recover attorneys' fees under Cal. Ins. Code § 10192.165(c)(2), the Court concludes that Plaintiff is not entitled to fees under the statute.

IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**